UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-80461-CIV-COHN/SELTZER

H2OCEAN, INC.

      Plaintiff,

v.

TATTOO MAJIK, LLC,

      Defendant.

_____/

## ORDER DENYING MOTION FOR PROTECTIVE ORDER
## ORDER DENYING MOTION FOR SANCTIONS

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Protective Order for Appearance at Deposition by H2Ocean, Inc. [DE 22], Defendant's Response to the Motion [DE 24], Defendant's Motion for Sanctions and to Compel Deposition of Corporate Representative [DE 25], and Plaintiff's Response to Defendant's Motion [DE 29].  The Court has carefully considered the entire record, and is otherwise fully advised in the premises.

## I.  BACKGROUND

Plaintiff H2Ocean, Inc. sued Defendant Tattoo Majik, LLC for patent infringement, permanent injunctive and declaratory relief, unjust enrichment and tortious interference related to its patents for a "topically applied reconstituted [or synthetic] ocean water mixture" used to treat pierced skin.  The product is used by tattoo and piercing businesses as an aftercare cleansing solution alternative to harsher chemicals such as hydrogen pyroxide.  Edward Kolos, the inventor of the product, purportedly assigned the patents to Plaintiff, H2Ocean, the company of which he is the owner.  Defendant Tatto Majik filed an Answer and Counterclaim denying infringement and asserted defenses of invalidity

(obviousness and inequitable conduct in failing to disclose prior art), non-infringement, express/implied license, and numerous "general" defenses.  Defendant's Counterclaim is a declaratory judgment action for invalidity and non-infringement.

This action was filed on March 20, 2009, and set for trial eleven (11) months from filing.[1]  After the filing of the answer to the counterclaim on June 1, 2009 [DE 11] and a motion for *pro hac vice* admission on June 3, 2009, nothing further was filed until December 7, 2009, when the parties sought to continue the discovery deadline for thirty (30) days.  The Court granted this motion, resetting the discovery deadline for December 31, 2009, and the dispositive motion deadline for January 7, 2010, while specifically stating that no other deadlines were changed, including the March 1 trial setting [DE 15].  On December 31, 2009, Plaintiff moved again to continue the fact and expert discovery deadline for thirty (30) days, with the agreement of Defendant [DE 16].  On January 4, 2010, the Court granted the motion, specifically noting that only the discovery deadlines were now extended until January 29, 2010 [DE 17].  On the day of the new deadline, Plaintiff again filed an agreed motion, this time for a sixty (60) day continuance of all deadlines, stating again that the parties were in settlement discussions, including being "in the middle of what is expected to be a near final draft of a settlement agreement" [DE 18].  The Court denied that motion on February 1, 2010 [DE 19].

## II.  DISCUSSION

### A.  Motion for Protective Order

On Thursday, February 18, 2010, Plaintiff moved for a protective order for the

---

[1]  This Court typically sets civil cases for trial nine (9) months after filing. Intellectual property cases, such as the present case, are given a longer period of time.

deposition scheduled that day of Edward Kolos, as corporate representative for Plaintiff. Plaintiff argues that the parties had previously agreed to the various extensions of the deadlines, but Defendant then unilaterally noticed the deposition.  The parties disagree about whether Plaintiff had stated that its counsel would be available that day.  Plaintiff states that Mr. Kolos is the person with the most knowledge to respond to the numerous questions posed in the Rule 30(b)(6) Notice, but had a pre-set business trip scheduled for Ohio and California, and would not return to Florida until Monday, February 22, for the parties' mediation.[2]  Plaintiff further states that Defendant refused to reschedule the deposition.

Defendant responded to the motion by stating that given the upcoming trial, it had to schedule a Rule 30(b)(6) deposition of Plaintiff, and that H2Ocean had other individuals it could have sent to the deposition instead of Mr. Kolos.  Defendant also argues that the Notice of Deposition was served on February 12, 2010, but that Plaintiff waited until one hour before the deposition to file its motion.

The Court concludes that under the facts of this case, the Motion for Protective Order can be denied as moot, as the deposition date has passed.  The issue as to whether the deposition must be rescheduled is discussed below.

## B.  Motion for Sanctions

On February 19, 2010, Defendant moved for sanctions for Plaintiff's failure to appear at the February 18, 2010 deposition and to compel a Rule 30(b)(6) deposition. Defendant argues that once Plaintiff learned that Mr. Kolos was not available, it should have prepared a different corporate witness to appear and respond to the Notice. Defendant alleges that Plaintiff did not prepare a witness, did not provide requested

---

[2]  The mediation ended in an impasse [DE 28].

documents, and filed a last minute motion for protective order.  Defendant asserts it will be prejudiced if it cannot take the Rule 30(b)(6) deposition.

Defendant seeks sanctions in the form of dismissing Plaintiff's claims because Plaintiff should not be allowed to testify differently than the (missed) deposition.  In the alternative, Defendant argues the Court should compel Plaintiff to produce a corporate witness, and the Court should award Defendant its expenses and attorney's fees with regard to the missed deposition and this motion.

On February 23, 2010, Plaintiff filed its expedited response to Defendant's motion. Plaintiff asserts that Defendant had never before sought Plaintiff's deposition because the parties had focused on settlement from early November through the eve of trial. Plaintiff notes that Defendant did not seek Plaintiff's deposition until after the January 29, 2010 discovery cutoff.  When Defendant did seek the deposition, Plaintiff asserts that it never coordinated available dates for the deposition.  In response to the argument that Plaintiff could have designated someone else from the corporation, Plaintiff states that Mr. Kolos is the only person who could answer all the questions posed in the Rule 30(b)(6) Notice.

The Court concludes that the Motion for Sanctions be denied.  Because the parties were engaged in settlement, both sides took the risk that the time for discovery would not be extended to accommodate last minute depositions that should have been noticed prior to the deadline.  In fact, the Court twice put the parties on notice (on December 8, 2009 and January 4, 2010) that the trial date was not continued, eventually denying the final request on February 1, 2010.  There has not been a sufficient basis shown to sanction either party in this action.

III.  CONCLUSION

The remaining question concerns the portion of Defendant's Motion in which it seeks to compel the deposition of Plaintiff's corporate representative.  The Court will deny this motion as well because the extended discovery deadline has passed.  If the parties agree to take a deposition this week in order to prepare for trial, the Court encourages such cooperation as a way to make the trial more efficient.  However, the Court's trial calendar is clear for next week.  This is the oldest civil case on tomorrow's docket, and after next week the Court has a series of criminal trials scheduled that together could last two to three months.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1.    Plaintiff's Motion for Protective Order for Appearance at Deposition by H2Ocean, Inc. [DE 22] is hereby **DENIED**;

2.    Defendant's Motion for Sanctions and to Compel Deposition of Corporate Representative [DE 25] is hereby **DENIED**;

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 24th day of February, 2010.

JAMES I. COHN
United States District Judge

Copies furnished to:

counsel of record